IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

| | | | |
|---|---|---|---|
| JANLERT PEREZ, | ) | (I) | DECLARATORY RELIEF |
| an individual, | ) | (II) | BREACH OF CONTRACT |
| | ) | (III) | FRAUD IN THE INDUCMENT |
| Plaintiff | ) | (IV) | MISAPPROPRIATION OF |
| -v- | ) | | TRADE SECRET |
| | ) | (V) | CIVIL THEFT |
| MIAMI TECH INC., | ) | (VI) | PATENT INFRINGMENT |
| a Florida Corporation, and | ) | | |
| ISIDRO GONZALEZ, | ) | | |
| an individual | ) | | |
| | ) | | |
| Defendants, | ) | | |
| _____ | ) | | |

## COMPLAINT

COMES NOW the Counter Plaintiff, JANLERT PEREZ (hereafter "Perez"), by and through undersigned counsel, hereby files this complaint against Defendants, MIAMI TECH INC. (hereafter "MIAMI TECH"), and ISIDRO GONZALEZ (hereafter "Gonzalez"), and as grounds in support thereof states:

## NATURE OF THE ACTION

1. This is an action for damages, injunctive relief, declaratory relief; and for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## THE PARTIES

2. At all times material hereto, Plaintif, JANLERT PEREZ (hereafter "Plaintiff" or "Perez") is *sui juris* and resides in this District at 4840 NW 196 Terr., Miami Gardens Fl 33147

3. At all times material hereto, Defendant MIAMI TECH INC., (hereafter "Defendant" or "Miami Tech") is a Florida corporation with its principle place of business in this District at 3611 NW 74th St., Miami Fl 33147.

4. At all times material hereto, Defendant, ISIDRO GONZALEZ (hereafter "Defendant" or "Gonzalez") is *sui juris* and resides in this District; and is also the president, owner and registered agent of Defendant Miami Tech.

## JURISDICTION AND VENUE

5. These claims arise under the *Declaratory Judgment Act*, 28 U.S.C. § 2201 *et seq.*, and the *Florida Declaratory Judgment Act*, § 86.011, *et. seq.*; and the patent laws of the United States, Title 35, United States Code.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has supplemental jurisdiction over all other claims asserted herein pursuant to 28 U.S.C. § 1367(a).

8. This Court has *in personam* or personal jurisdiction over Defendant Gonzalez because he resides in the Southern District of Florida; he transacts substantial and not isolated business in this District; and has otherwise established contacts within this District making the exercise of personal jurisdiction proper.

9. This Court has *in personam* or personal jurisdiction over Defendant Miami Tech because the principle place of where Defendant Miami Tech transacts business is located within this District.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c).

## GENERAL ALLEGATIONS

11. At all times material hereto, Plaintiff Perez entered into a non disclosure agreement with Miami Tech on or about November of 2007 for the purpose of negotiating a contract with

Miami Tech for the sale and production of Perez' adjustable air handler stand.  Attached as Exhibit "A," hereto is a copy of said agreement.

12. Perez negotiated the non disclosure agreement (hereafter "NDA") with Gonzalez who at all times material hereto is the president and owner of Miami Tech.

13. The trade secret sought to be protected by the NDA is an invention by Perez; which is an adjustable air handler stand for air handlers (i.e., an air conditioner).

14. The "novel" and unique feature in Perez's adjustable air handler stand (hereafter "product")  is that it has double adjustable screws for the height and lateral size of an air handler.

15. Perez' product, unlike other adjustable air handler assemblies, provides a base assembly for air handlers that have a filter; which can be adapted to any air handler; and maintains the air handler suspended from the ground.

16. In exchange for disclosure of confidential or trade secret information (i.e., the blue prints) of the stand, and in order to negotiate a manufacturing contract, Miami Tech, through its president and owner, Gonzalez, agreed not to disclose said confidential and trade secret information to third parties.

17. Gonzalez and Miami Tech also agreed that they would not, without prior written approval by Perez, use for its own benefit said confidential or trade secret information.

18. During the time of said negotiation and entry of said agreement, Perez had a patent pending for said product.

19. After Perez and Gonzalez agreed to the confidentiality agreement, the NDA was executed by Scott Kuschel,

20. At all times material hereto, Scott Kuschel is the general manager of MIAMI TECH and was the general manager when he executed said agreement.

21. Upon execution of the NDA by Kuschel, Perez disclosed the blue prints for the product to Gonzalez in order to negotiate the manufacturing agreement.

22. Perez and Gonzalez, however, were unable to come to an agreement for the sale and production of Perez' product.

23. Miami Tech then breached the NDA in 2012 by engaging in the sale and manufacture of Perez' product without the consent or approval of Perez.

24. Perez has complied with all conditions precedent so that he can proceed with this action.

## I.
## DECLARATORY RELIEF

25. Perez re-alleges and adopts ¶¶ 1-24 as though fully set forth herein.

26. Miami Tech maintains that is it not a party to the contract because Miami Tech does not appear on the NDA as the 'receiving party'; and Scott Kuschel is not an agent or employee of Miami Tech.

27. There is a bona fide controversy whether Miami Tech is a party to the NDA because Perez negotiated the NDA with Miami Tech's president, Defendant Gonzalez; and Scott Kuschel an employee of Miami Tech, signed the agreement.

28. Notwithstanding that Miami Tech does not appear on the NDA, Miami Tech through the acts of Gonzalez ratified the NDA by negotiating a manufacturing agreement with Perez *after* Perez disclosed the blue prints.

29. In light of the foregoing dispute between the parties, Perez is in doubt of his rights and there is doubt regarding Miami Tech's status as a party to the NDA; and as such, a declaratory judgment is necessary to have such doubt removed for the purpose of clarifying Perez's rights and Miami Tech obligations under NDA.

30. Defendant's interest in this declaration of rights are actual, present, adverse and antagonistic in fact and law to the interest of Plaintiff.

31. All parties whose interest in this declaration of rights are actual, present, adverse and antagonistic are before this Honorable Court by proper process.

32. Plaintiff is not seeking legal advice from this Court.

### PRAYER FOR RELIEF

WHEREFORE the Plaintiff, JANLERT PEREZ, by and through undersigned counsel, prays for a declaratory judgment in Perez's favor and against Defendant MIAMI TECH pursuant to 28 U.S.C. § 2201 and § 86.011, *Fla. Stat.* (2014) declaring that (a) MIAMI TECH is a party to the NDA; (b) and that MIAMI TECH owes a contractual duty under the NDA to Perez; and prays for further or supplemental relief as may be necessary pursuant to 28 U.S.C. § 2202 and § 86.061, *Fla. Stat.* (2014). .

### II.
### BREACH OF CONTRACT

33. Perez re-alleges and adopts ¶¶ 1-24 as though fully set forth herein.

34. Miami Tech breached the NDA where without prior approval of Perez, Miami Tech manufactured and sold for its own benefit, a product that nearly identical, if not identical, to Perez's adjustable air handler stand.

35. As a direct and proximate result of said breach, Perez has been damaged.

### PRAYER FOR RELIEF

WHEREFORE the Plaintiff, JANLERT PEREZ, by and through undersigned counsel, demands judgment in its favor and against MIAMI TECH for compensatory damages, costs and all other relief that this Court deems just.

## III
## FRAUD IN THE INDUCEMENT

36. Perez re-alleges and adopts ¶¶ 1-24 as though fully set forth herein.

37. To negotiate a sale and manufacturing agreement, Gonzalez and Miami Tech promised that in exchange for Perez disclosing the blue prints, Gonzalez and Miami Tech would agree not to disclose the blue prints of Perez's product; and would not use same for their own benefit.

38. Gonzalez and Miami Tech, however, never intended to formalize a sale and manufacturing agreement; and never intended to honor the NDA when the NDA was agreed to.

39. Gonzalez, while acting in his official capacity as president of Miami Tech, misrepresented his intentions to induce Perez to disclose the blue prints of latter's product in order to steal same and use it for his own benefit or for the benefit of Miami Tech.

40. After Perez disclosed the blue prints, Gonzalez then purposely 'tanked' the negotiations by proposing unreasonable terms for the sale and manufacture of Perez' product.

41. In justifiable reliance upon the false representations and promises of Gonzalez, Perez disclosed the blue prints of his product to Gonzalez.

42. As a direct and proximate result of Gonzalez' fraudulent representations, Perez has been damaged.

## **PRAYER FOR RELIEF**

WHEREFORE the Plaintiff, JANLERT PEREZ, by and through undersigned counsel, demands judgment in his favor and against Defendants, ISIDRO GONZALEZ and MIAMI TECH for compensatory damages, costs and all other relief that this Court deems just.

## IV
## MISAPPROPRIATION OF TRADE SECRETS

43.  Perez re-alleges and adopts ¶¶ 1-24, 37-42 as though fully set forth herein.

44.  Perez's product is a trade secret within the meaning of § 688.002(4), *Fla. Stat,.* (2014).

45.  Perez's product derives an independent economic value from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use.

46.  Perez's product or the blue prints for same is the subject of reasonable efforts to maintain its secrecy.  Such efforts included requiring all persons with access to Perez' product or trade secret to sign a confidentiality agreement in which the party must agree not to disclose or use Perez's product or trade secret.

47.  Gonzalez and Miami Tech have willfully misappropriated Perez' trade secret by using improper means to acquire Perez' trade secret.

48.  Gonzalez and Miami Tech have used and continue to use Perez' trade secret without the express or implied consent of Perez

49.  As a direct and proximate result of Defendants' misappropriation of Perez' trade secret, Perez has been damaged.

### **PRAYER FOR RELIEF**

WHEREFORE the Plaintiff, JANLERT PEREZ, by and through undersigned counsel, demands judgment in his favor and against Defendants (a) awarding compensatory damages in amount pursuant to § 688.004, *Fla. Stat.,* (2014); (b) prays for attorney fees pursuant to § 688.005, *Fla. Stat.,* (2014); an accounting and all other relief this court deems just; (c) demands preliminary

and permanent injunctive relief enjoining Defendants and all persons acting in concert with Defendants or either of them from any further use or disclosure of Perez' trade secret.

## V.
## CIVIL THEFT

50. Perez re-alleges and adopts ¶¶ 1-24, 37-42 as though fully set forth herein.

51. Miami Tech and Gonzalez knowingly obtained or used, or endeavored to obtain or use, Perez' trade secret with the intent to temporarily or permanently deprive Perez of the right of such property or benefit of such property; or appropriate the property to their own use or the use of any persons not entitled to use of such property.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff, JANLERT PEREZ, by and through undersigned counsel, demands judgment in his favor and against Defendants for compensatory damages, treble damages, attorney fees and costs pursuant to 772.11, *Fla. Stat.* (2014); and all other relief this Court deems just.

## VI
## PATENT INFRINGMENT

52. Perez re-alleges and adopts ¶¶ 1-24, 37-42 as though fully set forth herein

53. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

54. Perez is the owner of all right, title, and interest in U.S. Patent No. 834807 (hereafter "071 patent"), entitled "Adjustable Air Handler Stand and Filter Rack," that was issued by the U.S. Patent and Trademark Office on January 8, 2013. A copy of the '071' patent is attached as Exhibit "B."

55. Perez owned said patent throughout the period of Gonzalez and Miami Tech's infringing acts and still owns the patent.

56. Both Gonzalez and Miami Tech have infringed and is still infringing the '071' patent by making, selling, and using a air handler stand and filter rack that embodies the patented invention; and Miami Tech will continue to do so unless enjoined by this Court.

57. Upon information and belief, Gonzalez and Miami Tech's infringement is willful and deliberate.

58. Gonzalez and Miami Tech intend to continue the unlawful infringing activity and Perez continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law unless Gonzalez and Miami Tech are enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE the Plaintiff, JANLERT PEREZ, by and through undersigned counsel, demands judgment awarding compensatory damages with interest and costs and in no event, less than a reasonable royalty; demands judgment awarding treble damages and pre-judgment interest under 35 U.S.C. § 284; demands judgment for attorney fees under 35 U.S.C. §§ 284, 285; and demands a permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants Gonzalez and Miami Tech from further acts of infringement.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, JANLERT PEREZ, respectfully requests a trial by jury on all issues properly triable by jury.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by upon Defendants by service of process.

                                      /s/Christian Carrazana, Esq.
                                      Fla. Bar No.: 188115
                                      **CHRISTIAN CARRAZANA P.A.**
                                      *Attorney for Janlert Perez*
                                      P.O. Box 700130
                                      Miami Fl 33170
                                      Tel No.: (305) 395-1478
                                      Fax No.: 1- (786) 364-7477
                                      Email:  ccarrazana.law@gmail.com